COMMONWEALTH *vs.* LAWRENCE E. STANTON. March 19, 1985. *Practice, Criminal,* Location of defendant in courtroom. *Constitutional Law,* Assistance of counsel.

On January 18, 1982, a jury convicted the defendant Stanton of the crime of assault and battery by means of a dangerous weapon upon proof that he had hurled a tire iron through the windshield of a car, thereby causing injuries to the driver.[1] There was an appeal to this court for alleged errors of the trial judge. We affirmed the judgment of conviction. *Commonwealth* v. *Stanton,* 17 Mass. App. Ct. 1 (Oct. 20, 1983). On May 3, 1984, the defendant filed the present motion for a new trial alleging ineffective assistance of counsel in that counsel acquiesced in having the defendant remain in the "dock" during the trial. The trial judge denied the motion without conducting a hearing. We affirm the denial.

Offered in support of the motion were the transcript of a colloquy between the judge and defense counsel at the threshold of trial, an affidavit by the defendant, and a letter dated April 29, 1983, from counsel addressed to the Board of Bar Overseers.[2]

The defendant was in custody during the trial. He was reported as not posing a danger in the courtroom. It was not practical, said the judge, to seat him among the spectators. This left the alternatives of having him in the dock or at the counsel table. Counsel indicated he was content with the former. About the nature of the "dock" (in Middlesex Superior Courthouse), the judge remarked, "I note that the dock here doesn't even appear to be

---

[1] The defendant was also convicted of leaving the scene after injury to another. This indictment was placed on file. He was acquitted of counts of assault by means of a dangerous weapon, to wit, an automobile involved in the incident.

[2] Evidently the letter was written by trial counsel in response to a complaint from the defendant.

a dock, in this courtroom; and if the SJC wish, they should come down and view it themselves."

In his affidavit, the defendant said counsel originally had not consulted him on the matter of seating; had he been consulted he would have said that he wanted to sit at the counsel table so that he could participate in the defense. When, during the first recess, he raised the point with counsel, counsel said he knew what he was doing. The defendant said he was handicapped in consulting with counsel throughout (but there was no indication of any resulting concrete deprivation).

Counsel's letter said, among other things, that he felt in most instances that he tried a better case if his client was not sitting next to him. This was a personal reaction. He added that, despite *Walker* v. *Butterworth* (599 F.2d 1074 [1st Cir. 1979], reversing 457 F. Supp. 1233 [D. Mass. 1978], cert. denied, 444 U.S. 937 [1979]),[3] he did not think a prisoner was prejudiced by being tried in the dock.

We pass over the Commonwealth's contention that the alleged inadequacy of counsel should have been urged on the first appeal and is now foreclosed.[4]

On the substance, we observe that this is not a case where a judge, over defense counsel's objection, for some reason compels a defendant to remain in the dock. That can raise a constitutional question today, at least where security is not involved; the point was not settled at the time of trial herein.[5] Here the judge, while excluding a seating amid the general public, allowed a choice between the dock and the counsel table, and the defendant's grievance is that counsel blundered in advising the dock. Cf. *Commonwealth* v. *Drayton,* 386 Mass. 39, 44 (1982). We doubt there was a mistake, considering, besides the matter of the physical arrangement, that there was no question of facilitating witnesses' identification of the defendant (he was certainly the man); that the case was quite simple, and it is hard to see (and not shown) that consultation with the defendant regarding the conduct of the trial would have yielded any benefit; and, finally, that counsel on the basis of personal experience preferred in the interest of the client, as he saw it, to concentrate on his job without interruption even by the client. Something might turn on the kind of help or hindrance one could expect

---

[3] While the constitutionality of compelled seating in the dock was put in question by the *Walker* case, it was not until *Young* v. *Callahan,* 700 F.2d 32 (1st Cir. Feb. 16, 1983), that it was firmly held that such seating was unconstitutional unless justified in the particular case by security considerations. The Supreme Judicial Court in *Commonwealth* v. *Moore,* 379 Mass. 106, 107-111 (1979), had announced as a prospective rule, but without invoking the Constitution, that the dock should not be required without similar justification.

[4] The Commonwealth argues that successor counsel, who took the appeal, could be reasonably expected to raise the point at the time (if he thought it meritorious); the defense disagrees, especially as it considers counsel's letter to be important.

[5] See n.3 above.

from the particular defendant. If counsel was mistaken in his behavior, it did not, we think, fall "measurably below" that which might be expected of the hypothesized "ordinary fallible lawyer" of *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). That some, or even many, would disagree with counsel's judgment does not alter the case.

If there was a mistake and it is taken to have been in the more serious category, there is still no basis for vacating the judgment because material prejudice is surely absent. The defense at argument disclaimed any contention based on counsel's omission to consult with the defendant at the outset about seating, or on any difficulty about the defendant's access to counsel during trial;[6] the remaining complaint is that the dock bred prejudice by setting the defendant apart and marking him as a violent person. On the one hand, the appearance of the "dock" was evidently a far cry from the forbidding one of yesteryear.[7] On the other hand, the defendant took the stand in his own defense (otherwise, one can surmise, he would have had no chance at all with the jury) and was impeached by four convictions, one of these being a conviction for assault and battery with a dangerous weapon.[8] If there was an incremental "prejudice" through the defendant's sitting in the dock, it would have to be counted as de minimis.

Where there is a suggestion of prejudice resulting from alleged ineffective assistance of counsel, the total case has to be appraised. Here the evidence proved a brutal battery without a hint of any reasonable excuse or justification,[9] followed by a crude attempt by the defendant to confuse the trail to his arrest by flipping over the license plate of his car to conceal the number, and fleeing the scene. The trial judge, in denying a new trial, wrote of "the clear and unequivocal evidence of defendant's guilt."[10] It is nearly impossible to believe that the defendant would have fared any better if he had been differently placed in the courtroom. "[T]he basic trouble from the defense standpoint was weaknesses in the facts rather than any inadequacy of coun-

---

[6] On this score (as on others) the *Young* case, 700 F.2d at 36, 37 (n.3 above), was very different.

[7] The dock earlier in use was described in the *Walker* case, 457 F. Supp. at 1238.

[8] The defense seems to argue that this factor cannot be considered because the prior convictions, by the usual rule, were not probative of the defendant's guilt and were directed only to his credibility. In the quite distinct context of claimed prejudice through ineffective work by counsel, the convictions have a different relevance.

[9] The defense argues that the impression created by the dock might have led the jury to overlook the defendant's claim that when he swung the tire iron he meant to do damage to the car, not the driver. The argument is slim indeed.

[10] Counsel may claim some credit for obtaining the acquittals (see n. 1).

sel." *Commonwealth* v. *Satterfield,* 373 Mass. 109, 111 (1977). We conclude beyond a reasonable doubt that there was no material prejudice.[11]

*Order denying motion for new trial affirmed.*

*Maureen B. Brodoff* for the defendant.
*Pamela L. Hunt,* Assistant District Attorney, for the Commonwealth.

---

[11] The motion for a new trial could properly be decided on the papers without a hearing. See Mass.R.Crim.P. 30(c)(3), 378 Mass. 901 (1979).